UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LISA BELYEW, | No. 2:18-cv-0895-MCE-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JONES, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 4.

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## Screening Order

Plaintiff alleges that in retaliation for her filing of grievances and lawsuits, unnamed "higher ups" at the Butte County Jail have housed her with severely mentally disturbed inmates, even though she is sane. ECF No. 1 at 3-4. As a consequence, plaintiff is allegedly unable to meet with her religious counselor. *Id.* at 4.

The court finds that the allegations in the complaint are insufficiently detailed to state a cognizable claim. First, plaintiff has named three defendants, but has not alleged wrongdoing against any of them. Thus, it is unclear what allegations, if any, she seeks to pursue against them. Second, plaintiff has not shown that she has any sincerely held religious belief that is entitled to constitutional protection under the First Amendment. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (to implicate the Free Exercise Clause, a belief must be both "sincerely held" and "rooted in religious belief"). Moreover, plaintiff seeks only monetary relief, ECF No. 1 at 6, which cannot be awarded for violations of the Religious Land Use and Institutionalized Persons Act of 2000. *See Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014).

Finally, the court notes that plaintiff has attached various documents to her complaint. The court will not comb these documents and interpret claims from them that have not been explicitly raised in the body of the complaint. Any amended complaint should be drafted with this in mind.

## Leave to Amend

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights. The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

1  The amended complaint must contain a caption including the names of all defendants.
2  Fed. R. Civ. P. 10(a).
3  Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See
4  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).
5  Any amended complaint must be written or typed so that it so that it is complete in itself
6  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
7  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
8  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
9  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
10 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
11 1967)).

<u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 4) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action.

DATED:  April 23, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE